IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BENNIE K. ELLISON, No. R-00575,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-107-GPM |
| | ) | |
| **MATHEW KENNELLY,** | ) | |
| **JEFFREY COLE,** | ) | |
| **DENLOW,** | ) | |
| **GERALDINE S. BROWN,** | ) | |
| **SAMUEL YEGHIAYAN,** | ) | |
| **NORGEL,** | ) | |
| **GPTTSCHALL,** | ) | |
| **BILL MCDADE,** | ) | |
| **MICHAEL M. MILLER,** | ) | |
| **BAUER,** | ) | |
| **TINDER,** | ) | |
| **HAMILTON,** | ) | |
| **EVANS,** | ) | |
| **SYKES,** | ) | |
| **ANNE WILLIAMS,** | ) | |
| **FRANK H. EASTERBROOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Bennie K. Ellison is currently incarcerated at Stateville Correctional Center. Ellison, proceeding *pro se*, has filed an "Emergency Federal Petition of Mandamus for *Sua Sponte* Orders" in this district court, aimed at seven federal judges in the Northern District of Illinois, two judges in the Central District of Illinois and seven judges in the Seventh Circuit

Court of Appeals (Doc. 1).[1]  Ellison has also filed a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. 1915 (Doc. 3).

In essence, Ellison wants this Court to order the judges of its sister district courts and judges of the superior appellate court to "perform their federal duties" and grant Ellison the relief he seeks in three cases:  *Ellison v. Pfister*, No. 12-cv-1356 (C.D. Ill. Sept. 14, 2012) (a prison civil rights action); *Ellison v. Godinez*, No. 12-cv-1363 (C.D. Ill. Sept. 14, 2012) (a prison civil rights action); and *Ellison v. Cook County Sheriff*, No. 12-1613 (7th Cir. Mar. 15, 2012) (the appeal of No. 10-cv-2088 (N.D. Ill. Nov. 28, 2011) (a civil rights action pertaining to when Ellison was a pretrial detainee)).  From Ellison's perspective, if all of various judges perform their duties as they should, he is entitled to immediate release and $3,000,000, plus interest from the Cook County Sheriff's Department.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that this action is subject to summary dismissal for the following reasons.

**Subject Matter Jurisdiction**

The writ of mandamus has been abolished.  *See* Fed.R.Civ.P. 81(b).  Nevertheless, there are two federal statutes that a party may invoke to obtain a writ of mandamus: 28 U.S.C. § 1361 and 28 U.S.C. § 1651.   Ellison has not specified a basis for his action.

---

[1] In November 2012, Ellison, who was then housed at Lawrence Correctional Center in the Southern District of Illinois, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 challenging his 2010 state conviction for manufacturing and possessing a controlled substance.  *Ellison v. Godinez*, No. 12-cv-01186-DRH (S.D. Ill. Nov. 19, 2012).  When Ellison was transferred to Stateville Correctional Center in December 2012, his case was transferred to the District Court for the Northern District of Illinois.  The instant petition for mandamus was initially submitted to the Clerk of Court in the Northern District, who transmitted it to this district for filing (consistent with the caption of the pleading and certificate of service).

Section 1361, titled "Action to compel an officer of the United States to perform his duty," provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This statute has been construed as inapplicable to the federal courts. *Trackwell v. U.S. Gov't,* 472 F.3d 1242, 1245 (10th Cir. 2007); *Smith v. Krieger*, 643 F.Supp.2d 1274, 1281 (D. Colo. 2009). *Trackwell* and *Smith* both relied upon *Hubbard v. United States*, 514 U.S. 695, 699 (1995), in which the Supreme Court stated that the federal courts were not referred to as departments or agencies—terms reserved for components of the Executive Branch. *See also Liberation News Service v. Eastland,* 426 F.2d 1379, 1384 (2d Cir. 1970) (applying the same interpretation to identical language in 28 U.S.C. § 1391(e)).

Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Unlike Section 1361, Section 1651 is only a mechanism by which the Court asserts its jurisdiction, it is not a source of jurisdiction. *United States v. Illinois Bell Telephone Co*., 531 F.2d 809, 814 (7th Cir. 1976).

This type of writ of mandamus "has traditionally been used in the federal courts only to confine an *inferior court* to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402 (1976) (internal citations and quotations omitted and emphasis added). A petitioner seeking mandamus must show that (1) no other adequate means exist to attain the desired relief, (2) his right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances of his case. *Cheney v. U.S. Dist. Ct.,* 542 U.S. 367, 380-381 (2004). Plaintiff cannot meet this test.

This Court cannot direct the Court of Appeals for the Seventh Circuit because that is a superior court. Furthermore, a writ of mandamus "must not be used as a mere substitute for appeal." 16 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3932, at 185 (2nd ed. 1996). *See also Helstoski v. Meanor,* 442 U.S. 500, 506 (1979) (addressing the narrow scope of a writ of mandamus in a criminal proceeding). Neither can this Court direct its sister district courts, which are of equal stature. Rather, Plaintiff Ellison's remedy lies in an appeal. Consequently, this Court lacks subject matter jurisdiction over this action and it must be dismissed.

Dismissal for lack of subject matter jurisdiction in a situation such as this, where the assertion of jurisdiction is frivolous, constitutes as "strike" for purposes of 28 U.S.C. § 1915(g). *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999).

**Pauper Status**

In *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996), the Court of Appeals for the Seventh Circuit concluded that a petition for mandamus in civil litigation falls within the scope of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub.L. 104-134, Title VIII, 110 Stat.1321.[2] Plaintiff specifies that this is a petition for a writ of mandamus, which falls within the ambit of 28 U.S.C. §§ 1361 and 1651; therefore the PLRA is applicable.

The PLRA precludes a prisoner from bringing a civil action *in forma pauperis* if at least three of the inmate's prior lawsuits have been dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). An exception exists—when a prisoner is in danger of serious injury—which does not apply here. *See Turley v. Gaetz,* 625 F.3d 1005, 1006-1009 (7th Cir. 2010).

---

[2] In *Walker v. O'Brien*, 216 F.3d 626, 633-637 (7th Cir. 2000), 28 U.S.C. §§ 2241, 2254 and 2255 were found to be beyond the reach of the PLRA.

The Court notes that Plaintiff has already had far more than three other cases dismissed as frivolous or for failure to state a claim upon which relief may be granted—not counting the strike assessed in this present action. *See Ellison v. Illinois*, No. 07-cv- 2296 (N.D. Ill. Nov. 9, 2007); *Ellison v. Sheriff of Cook County*, No. 09-cv-5438 (N.D. Ill. Feb. 2, 2010); and *Ellison v. United States Judicial Committee of District Court*, No. 11-cv-1764 (N.D. Ill. March 22, 2011); *Ellison v. U.S. Judicial Exec & Adm. Operations of the Dist. Court,* No. 11-cv-1764 (N.D.Ill. March 22, 2011); *Ellison v. Manion,* No. 11-cv- 2600 (N.D. Apr. 26, 2011); *Ellison v. Joyce*, No. 11-2722 (N.D. Ill. May 23, 2011); and *Ellison v. IDOC*, No. 11-cv- 6296 (N.D. Ill. Sept. 19, 2011).  In fact, after Plaintiff filed 18 cases in the District Court for the Northern District of Illinois, that district banned Plaintiff from filing any new civil cases *pro se*, and set up a repository for any future filings. *In the Matter of Bennie Ellison*, No. 12-cv-7536 (N.D. Ill. Sept. 14, 2012). Consequently, his motion for leave to proceed as a pauper (Doc. 3) is denied.

Because Plaintiff has "struck out" under Section 1915(g), he may not bring another action in federal court, so long as he remains a prisoner, unless he pays the full filing fee in advance, or he is in imminent danger of immediate physical injury. Furthermore, because Plaintiff did not disclose his litigation history to the Court, this action is subject to immediate dismissal. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-859 (7th Cir. 1999).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### Pending Motion

Plaintiff's pending motion for appointment of counsel and "special federal investigators" (Doc. 4) is **MOOT**.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted due to lack of subject matter jurisdiction, and as a sanction for Plaintiff's failure to inform the Court of his litigation history.

Plaintiff is **ADVISED** that this dismissal shall count as one of his "allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 3) is **DENIED**.  It is **FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350.00 for this action within **twenty-one (21) days** of the date of entry of this Order.

Plaintiff is **ADVISED** that failure to pay the $350.00 filing fee by the prescribed deadline will likely result in Plaintiff being barred from filing any new papers in this Court until such time as he has paid to the Clerk of Court the filing fee for this action in full.  *See Ammons v. Gerlinger,* 547 F.3d 724, 726 (7th Cir. 2008) (*citing Newlin v. Helman,* 123 F.3d 429, 436–437 (7th Cir.1997)); *United States ex rel. Verdone v. Circuit Ct. for Taylor County,* 73 F.3d 669, 674–675 (7th Cir. 1995); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir.1985).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

Plaintiff's pending motion for appointment of counsel and "special federal investigators" (Doc. 4) is terminated as **MOOT**. The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** April 26, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
